DÍAZ CANEJA *v.* ESTATE OF ESCUTÉ ET AL.

APPEAL from District Court of San Juan.

No. 152.—Decided February 13, 1908.

APPEAL—DECISION CONTRARY TO EVIDENCE.—The question whether or not a decision is contrary to the evidence taken at the trial cannot be considered on appeal where the same has not been taken within the 15 days next following rendition of judgment.

STATEMENT OF FACTS.—In order that the evidence taken at the trial may be considered on appeal, it is necessary that it be included in a statement of facts and that such statement be approved by the judge.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Reverend Manuel Díaz Caneja, as the collector general of religious foundations and administrator of the Carmelite Convent, brought an action in the District Court of San Juan to compel the defendants, Angela Balseiro y Curbelo, Francisco and Felix Escuté, José Antonio and Josefina Ramos Escuté, the coowners of house No. 9 O'Donnell Street, in this city, to acknowledge by public deed that it is subject as a whole to three annuities—one for 1,900 *pesos,* in favor of the Carmelite Convent; another for 1,675 *pesos,* in favor of Reverend Felix Vega, deceased, now corresponding to vacant chaplaincies, and another for 500 *pesos,* in favor of Sister Concepción Escuté, and, furthermore, to pay the interest due on such annuities.

The defendants answered the complaint, with the exception of José Antonio and Josefina Ramos Escuté.

In this action there appears to be consolidated a proceeding to establish ownership instituted by said defendants for the purpose of having said house recorded in their names, in which proceedings the said Reverend Manuel Díaz Caneja, in the capacities mentioned, prayed that the declaration of ownership be made subject to the charges referred to in his complaint in this case, and that it be so recorded in the registry.

After consideration of both actions, the District Court of San Juan rendered judgment on March 27, 1904, in favor of the plaintiff, and, consequently, against all the defendants.

At this stage of the proceedings additional time was granted the defendants José Antonio and Josefina Ramos Escuté in which to make answer to the complaint, because they

had not been personally summoned, the judge no doubt basing his action on the provisions of section 140 of the Code of Civil Procedure.

The complaint was therefore answered by these two defendants, who denied the facts in so far as they were opposed to the facts alleged in their answer, and setting up, furthermore, as a counterclaim: (1) That a liquidation be first had; (2) That deductions be made of interest believed to have been improperly paid; (3) Deductions of sum for taxes; (4) That it be held that the plaintiffs were not entitled to recover interest on the annuities for the last five years.

The trial having been held, the Judge of the First Section of the District Court of San Juan rendered the following judgment:

"This action having been called for trial in its order on the calendar, and the plaintiff having appeared, through his counsel, and the defendants José Antonio and Josefina Ramos Escuté, through their counsel, having previously obtained leave from this court to answer the complaint after judgment rendered against them in default; and the court having heard the allegations, the evidence and the arguments of counsel, holds that the facts and the law are against the counterclaim of said two defendants and in favor of the plaintiff in the capacities in which he has appeared in court, with regard to the following particulars:

"That said two defendants, in conjunction with the present coowners by inheritance of house No. 9 O'Donnell Street, on the corner of Luna Street, in this city of San Juan, are obliged to acknowledge by public deed upon the said house as a whole, an annuity of 1,712.50 Spanish *pesos,* or the equivalent of this sum in gold at the current rate of exchange on the date of the execution thereof, in favor of the Reverend Carmelite Sisters; another annuity of the same class and rate for 1,675 Spanish *pesos,* or their equivalent in gold at the rate mentioned, in favor of chaplaincies which are va-

cant owing to the death of Father Felix Vega, and another annuity of the same character and rate for 500 Spanish *pesos* in favor of Sister Concepción Escuté, and because of her death in favor of the Carmelite Convent; that said two defendants, together with the others against whom judgment was previously rendered immediately pay to the collector of the Carmelite Nuns and administrator of vacant chaplaincies the interest on the annuity of 1,712.50 Spanish *pesos* belonging to the Carmelite Nuns, at the rate of 5 per cent per annum, from 1895 to June 30, 1902, and six months of 1894— that is to say, eight years; and the interest or allowance at the same rate, on the annuity of 1,675 Spanish *pesos* pertaining to vacant chaplaincies from 1894 to the same date mentioned—that is to say, eight and a half years. The opposition to the proceedings to establish ownership instituted by the defendants is also sustained, and said proceedings shall continue, but with the understanding that the said annuities constitute a charge on the said estate; and each party shall pay his costs, and it is ordered that the secretary issue a writ of execution for the satisfaction of this decision, after he shall have entered judgment in accordance therewith. Delivered in open court this 15th day of February, 1907. Pedro de Aldrey, Judge of the First Section. Attest: A. Marín Marien, Acting Secretary.''

The defendants, José Antonio and Josefina Ramos Escuté, took an appeal on March 15, 1907.

A statement of facts has been submitted here which does not appear to have been approved by the trial judge.

The parties presented their briefs, and in his brief the respondent calls the attention of this Supreme Court to the fact that this appeal was taken after the expiration of the term of 15 days which the law fixes when a judgment is contested on the ground that it is not supported by the evidence, but notwithstanding this the appellant stated at the hearing, which was had on January 16 last, that he submitted

the case to the consideration of the court without oral argument.

Section 299 of the Code of Civil Procedure, in connection with subdivision 2 of section 233, imposes on the appellant the obligation of submitting to the appellate court, among other documents, a copy of the judgment, and as the appellant has submitted herein a copy of the decision, which is that inserted above, we must accept this as the judgment entered, especially when in its final clause the judge himself calls it a decision and judgment.

Under these circumstances, if the judgment appears to have been rendered on February 15, 1907, and the appeal was taken March 15, 1907, and the question involved here is the acknowledgment and constitution of annuities and the payment of interest, it must be conceded that the judgment is contested in this appeal on the ground that it is not supported by the evidence, and this cannot be done, nor can we review the judgment, because the appeal has been taken after the expiration of the 15 days provided for in these cases in the second sentence of subdivision 1 of section 295 of the Code of Civil Procedure.

The application of this doctrine is not an innovation. This court has on other occasions, guided by the jurisprudence of the Supreme Court of California, announced the same opinion. (See the following cases: *Rafael Valentín Román* v. *The American Railroad Co. of Porto Rico,* 10 P. R. Rep., p. 52; *Estate of Maisonave* v. *Julian Maisonave et al.,* 13 P. R. Rep., p. 254; *Successors of Oliva & Co.* v. *J. Matienzo & Co.,* 13 P. R. Rep., p. 285; *José y Esteras* v. *Josefa Ríos Colón et al.,* 13 P. R. Rep., p. 376.)

There is no reason now to change the doctrine established.

All the questions, raised both in the complaint and in the answer, submitted to judicial decision, involve questions of facts, and as such were susceptible of proof in the district court and at the trial which was there held, and as the appeal

was taken out of time, as has been seen, we cannot consider whether there has been any error or not in the findings upon the evidence, but even assuming that the ground stated were not sufficient, which it is, we would still find that the statement of facts has not been approved by the judge, and this requisite is indispensable to give it the authenticity necessary to permit a discussion and consideration of the evidence on which the lower court based its decision. (See, among other cases, that of *The People of Porto Rico* v. *Osvaldo Laborde et al.*, 9 P. R. Rep., p. 403.)

Hence, the judgment which rests on the findings upon the evidence heard by the Judge of the First Section of the District Court of San Juan must be sustained in this case and affirmed in every respect.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.